# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**CHRISTOPHER J. TOWNSEND,**
On behalf of himself and
all others similarly situated,

    **Plaintiff(s)**        Case No. 3:14-cv-1336-J-25JBT

v.

**DELBERT SERVICES CORPORATION,**
**Defendant.**

_____/

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, CHRISTOPHER J. TOWNSEND, by and through undersigned counsel, and sues Defendant, DELBERT SERVICES CORPORATION (Defendant) and alleges:

### JURISDICTION AND VENUE

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1334(b).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 in that the Plaintiff resides in Flagler County, Florida and the violations described below occurred in the Middle District, Florida.

### PARTIES

3. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff has standing to bring a claim under the FDCPA because he was directly affected by

violations of these Acts, and was subjected to Defendant's illegal and improper debt collection activities.

Defendant, DELBERT SERVICES CORPORATION (DELBERT) is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant regularly files proof of claims in the United States Bankruptcy Court for the Middle District of Florida. It operates out of offices in Las Vegas, Nevada.

## FACTUAL ALLEGATIONS

4. On March 14, 2014, Plaintiff filed a Voluntary Petition in the Jacksonville Division of the Middle District of Florida pursuant to Chapter 13 of the United States Bankruptcy Code. Court file number 3:14-bk-01195-PMG was assigned. See Notice of Chapter 13 attached as Exhibit 1.

5. On April 14, 2014, Defendant filed Proof of Claim #2 in the Plaintiff's Chapter 13 case. The total amount claimed owing was $10,433.05. See Proof of Claim attached as Exhibit 2 to this Complaint.

6. The plain language of the FDCPA makes clear that the filing of the Proof of Claim is not a "formal pleading in a civil action" as exempted by 15 U.S.C. §1692g(d).

7. The Proof of Claim #2 was the initial communications from Defendant to the Plaintiff for the respective debts.

8. Accordingly, the Proof of Claim #2 was the first attempt to collect the debt by Defendant and the initial communication to the Plaintiff in connection with the attempted collection of the debt.

9. The Proof of Claim #2 lacked the required statutory debt validation notice on the Proof of Claim or within five (5) days after the filing of the Proof of Claim as required by 15 U.S.C. §§ 1692g.

10. The filing of the Proof of Claim in the Chapter 13 case of Plaintiff requires compliance with the consumer protection provisions of the FDCPA. *See* 15 U.S.C. §§ 1692(e)(11), 1692g,; *Crawford v. LVNV Funding, LLC, et al.*, 758 F.3d 1254 (11th Cir. 2014).

## CLASS REPRESENTATION ALLEGATIONS

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated. The Class is defined as and who satisfy the following criteria:

   a. The person was a resident of Florida at the time the Defendant filed a proof of claim in a bankruptcy case of the person;

   b. Defendant had acquired a claim that was primarily for family, household or personal purposes, for collection purposes after default.

   c. The Defendant filed a proof of claim which Defendant failed to provide the required statutory debt validation notice on the Proof of Claim or within five (5) days after the filing of the Proof of Claim as required by 15 U.S.C. §§ 1692e(11); g.

   *(This definition may be amended.)*

12. The Class Period begins one year prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

13. Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily

ascertained through a review of Defendant's business records. Upon information and belief, the putative Class exceeds several hundred Florida consumers. There are approximately seven (7) Chapter 13 trustees appointed pursuant to 11 U.S.C. §1302 spread throughout the State of Florida. Each of these trustees presides over multiple Chapter 13 estates in which Defendant, on information and belief, have filed claims without the required statutory validation notice. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

14. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, including, *inter alia*, the following: The principal issues raised by this claim are whether questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, including, *inter alia*, the following: The principal issues raised by this claim are:

   a. Whether Defendant is a debt collector;

   b. Whether Defendant's filing of the proof of claim letter without the required statutory debt validation notice on the Proof of Claim or within five (5) days after the filing of the Proof of Claim as required by 15 U.S.C. §§ 1692e(11); g violates the Fair Debt Collection Practices Act ("FDCPA");

15. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class because, upon information and belief, Defendant uses standardized practices when attempting to collect Florida debts. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of Defendant. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from

other Class members that were subject to proof of claims from the Defendant that lacked the required statutory debt validation notice.

16. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because he has no interest antagonistic to the Class they seek to represent, and because the adjudication of their claims will necessarily decide the identical issues for other class members. Whether the Defendant's filing proof of claims that lacked the required statutory debt validation notice violates the FDCPA is an issue that will be decided for all other consumers with similar or identical proofs of claim. There is nothing peculiar about the Plaintiff's situation that would make him inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation. Plaintiff's claims are brought in his capacity as Debtor in the Chapter 13 case, and all recoveries will inure for the benefit of the affected estates.

17. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the filing proof of claims which omit the statutory debt validation notice violate the FDCPA, and a class action is the

only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances.

18. The difficulties likely to be encountered from the management of this case are minimal. Damages can be readily ascertained and calculated and the class is easily identifiable as the records of the Court and the Defendant can be easily accessed to determine claims filed and amounts paid by Chapter 13 Trustees towards consumer debt for which no required statutory validation notice was provided.

## CLAIMS FOR RELIEF
## FDCPA VIOLATIONS

19. On April 14, 2014, Defendant filed Proof of Claim #2 in the Plaintiff's Chapter 13 case which both failed to contain the required statutory validation notice pursuant to 15 U.S.C. §§ 1692e(11); g.

20. Each proof of claim sent by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

21. In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. All four elements are met in the instant case.

**Plaintiff is a consumer.**

22. Plaintiff is a natural person and therefore meets the FDCPA's definition of consumer.

**The debt at issue is a consumer debt.**

6

23. The debt at issue is a consumer debt as the unsecured debt was incurred by Plaintiff for personal, family or household purposes.

**Defendant is a debt collector**

24. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). ALTAIR is not registered with the Florida Office of Financial Regulation as a debt collector.

**Defendant violated the FDCPA.**

25. While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

26. "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant failed to send the Plaintiff the required statutory validation of debt in violation of 15 U.S.C. § 1692g(a), including:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

7

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor;

    b. Defendant failed to send the Plaintiff the required statutory validation of debt in its initial communication in violation of 15 U.S.C. § 1692e(11) that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications that the communication was from a debt collector;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

    A. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing the undersigned Counsel as Class Counsel;

    B. Adjudging that Defendant violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members statutory damages pursuant to 15 U.S.C. § 1692k;

    C. Declaring that Defendant's attempt to collect debts previously discharged in bankruptcy is unlawful;

    D. Ordering disgorgement of all ill-gotten sums collected in violation of law;

    E. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.       Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

G.       Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all issues so triable.

**Law Offices of Mickler & Mickler, LLP**

By: /s/ Bryan K. Mickler
Bryan K. Mickler
Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 091790
bkmickler@planlaw.com

**MAX STORY, P.A.**

/s/ Max Story
Max Story, Esq.
Attorney for Plaintiff
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com
Attorney for Plaintiff